NEW YORK AUCTION COMPANY, INC., Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

FINCH, P. J. (dissenting). The plaintiff is seeking reformation of a policy of insurance against robbery upon the ground it did not express the true agreement of the parties. Said policy is a renewal of insurance which originated in 1922, all policies containing similar provisions as to coverages. The policy provides that robbery, in order to be covered by the policy, shall be from a custodian as is particularly defined in the policy and further provides that " in no event shall a watchman or porter be considered a custodian." A robbery occurred on

the premises of the plaintiff on January 16, 1930, while in charge of a night watchman. Under the terms of the policy as written, therefore, the loss is not one for which the defendant is liable. The plaintiff claims, however, that the parties had agreed in 1922 that the defendant would issue a policy to the plaintiff to cover robbery from a watchman such as to the knowledge of defendant was employed by the plaintiff at nightime while plaintiff was not regularly open for business. Plaintiff further claimed that the last renewal policy was paid for and accepted only on the written assurance of· the defendant that employees of the plaintiff on duty while plaintiff was not open for business, would be considered custodians, pursuant to the original agreement. The plaintiff adduced proof in support of the aforesaid contentions. The plaintiff gave convincing proof that the original agreement was that it should receive a policy which would afford it protection from robbery while its property was in charge of a night watchman. Defendant's representative through whom the policy was placed, expressly testified that was the understanding. He further admitted that the policy delivered was not in accordance with the agreement. Between 1922 and 1929 the plaintiff according to its proof rested secure on the assumption that the policies delivered were in accordance with the agreement of the parties and afforded to the plaintiff the protection which the defendant knew it needed and had undertaken to furnish. In 1929, however, the fact that the policy contained the provision that " in no event shall a watchman  *  *  *  be considered a custodian " first came to the attention of the plaintiff. The plaintiff then took up with the representative of the defendant through whom the original policy had been obtained in 1922, the question whether the policy correctly expressed the agreement and adequately protected the plaintiff in view of the well-known fact that the defendant employed a night watchman. Defendant's representative replied that plaintiff did not have to worry about that; that it was the policy plaintiff always had had, the defendant knowing the kind of protection the plaintiff required. Plaintiff asked that this understanding be confirmed in writing. Thereupon it received from the said representative of the defendant, upon a letterhead of the defendant, a letter reading, as follows: " In reference to Messenger and Interior Robbery Hold-up Policy number MIR39724. dated March 23, 1929 — it is the intent of this policy to protect the interior of your building against loss of property for twenty-four hours each day while the policy is in force. Employees on duty when you are not open for business will be considered as custodians. Very truly yours, K. J. Mullen, Assistant to the Managers," The aforesaid letter, coupled with the testimony of the plaintiff with respect to the agreement when the original policy was issued, made out a *prima facie* case for reformation. The complaint was dismissed on motion of the defendant upon the close of plaintiff's case so that plaintiff is entitled to the most favorable inferences of which the evidence is susceptible. The defendant seeks to overcome the effect of the aforesaid letter of Mullen on wholly technical grounds, namely, that it purports to modify the policy of insurance whereas said policy contains a provision that it may be modified only by a rider signed by the president, a vice-president, secretary or assistant secretary of the company and attached to the policy. This conclusion, however, is based upon a false premise. The plaintiff placed no reliance upon the letter as a modification of the policy. The letter was but corroborative of the claim of the plaintiff that the original policy and renewal thereof were not in accord with the original agreement of the parties; it constituted

but a link in the chain of proof adduced by the plaintiff of the true agreement of the parties. The proof of the plaintiff is sufficient to establish a *prima facie* case of a holding out by the defendant of authority in its representative Mullen to make such an agreement on behalf of the defendant. The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.